# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 12-M-125 |
| Darashana PATEL ) | |
| aka Indumatiben PATEL ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 28, 2012, in the Western District of New York, the above-named defendant, did knowingly use and possess a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, that is, a Lawfully Admitted Permanent Resident card,, which the defendant knew to have been procured by false statement and otherwise by fraud, in violation of Title 18, United States Code, Section 1546.

This criminal complaint is based on these facts:

X   Continued on the attached sheet.

_____
Complainant's signature

JASON MANELLA, Senior Enforcement Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 5, 2012

_____
Judge's signature

City and State: Buffalo, New York

H. KENNETH SCHROEDER, JR.
United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

Jason Manella, being duly sworn, deposes and states:

1. I am an Enforcement Officer with United States Customs and Border Protection (CBP), within the Department of Homeland Security (DHS), formerly known as the United States Immigration and Naturalization Service, and have been so employed for the past 22 years. In such capacity, my duties include investigating persons who have violated Federal Immigration laws and other related Federal statutes.

2. I make this affidavit in support of the attached criminal complaint charging Darashana PATEL (a/k/a Indumatiben Kiran PATEL), hereinafter "the defendant," an alien, born in 1961, with willfully and knowingly using a United States Resident Alien Card which was obtained by means of fraudulent and misleading statements and representations, in violation of Title 18, United States Code, Section 1546.

3. The Department of Homeland Security is an agency within the executive branch of the government of the United States, and is the agency responsible for making the determination to admit an applicant to the United States. Information concerning an applicant's true identity, immigration status, criminal history, and prior immigration history, such as prior removals, visa refusals, and entries, are matters material to an admissibility determination.

4. The statements contained in this affidavit are based upon my personal knowledge and upon information provided to me by other United States Customs and Border Protection Officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Darashana PATEL knowingly used and possessed a United States Resident Alien Card which was procured by false statements and otherwise by fraud, in violation of Title 18, United States Code, Section 1546.

5. On August 28, 2012, at the Peace Bridge port of entry in Buffalo, New York, CBP Officer Martin Wisniewski conducted a primary inspection of a vehicle bearing a New York license plate. The defendant was one of five occupants of the vehicle. When asked for identification, the defendant presented United States Permanent Resident Card number A096-992-\*\*\*. The defendant's photo and right index fingerprint were on the front of the card. The identity listed on the Permanent Resident Card was Indumatiben K. PATEL, born in India in 1965. Officer Wisniewski queried this identity in the TECS computer system and received an electronic response that there was a lookout for Indumatiben K. PATEL. Officer Wisniewski referred the defendant and the other occupants of the vehicle to the secondary inspection area at the Peace Bridge port of entry.

6. CBP Officer Edward O'Connor conducted the secondary inspection of the defendant and the other occupants of the vehicle. One of the persons accompanying the defendant identified himself as Mr. Kiran Patel, a United States Citizen and the husband of the defendant. Kiran Patel told Officer O'Connor that he and the defendant had gone to Niagara Falls, Ontario, Canada, for two days as tourists, and that they were returning to their home in New York City. Officer O'Connor conducted a scan of the defendant's fingerprints in the IDENT system and discovered the fingerprints were a match to Darashana PATEL under FBI number 488-54-XXX. Officer O'Connor presented this information to CBP Enforcement Officers William Schoenrock and Matthew Sundlov for further inspection.

7. Enforcement Officers Schoenrock and Sundlov discovered through DHS computer database queries that the defendant had been removed from the United States on July 27, 1997, after she attempted to enter the United States using an Indian passport and a United States nonimmigrant visa that had been issued to Ms. Jasmine Shroff. During the processing of her removal, she identified herself as Darashana PATEL, a native and citizen of India, born in 1961. The defendant was removed to India and warned not to attempt reentry to the United States for five years from the date of her removal.

8. Further record checks revealed that the defendant returned to the United States as a visitor on November 13, 1998, after she was issued a nonimmigrant visa under the name of Indumatiben Sarabhai SHAH, born in 1965. On November 15, 2006, following her marriage to Kiran PATEL, the defendant was granted Permanent Resident

Alien status under the name Indumatiben Kiran PATEL, born in 1965. On March 23, 2012, she submitted an application to become a naturalized U.S. Citizen.

9. CBP Enforcement Officers Sundlov and Scheonrock interviewed the defendant with the assistance of a Hindi interpreter after she requested a Hindi interpreter. During that interview, the defendant initially claimed she had not used any other names for legal or illegal reasons. She later admitted that she had used the name Darashana PATEL when she came to the United States in 1997. She said she used a different date of birth at that time too. The defendant then asked to have the interview translated into Gujarati because she did not understand Hindi. The interpreter was also fluent in Gujarati. The defendant was advised of her Miranda rights in Gujarati and she elected not to continue answering at that time.

10. On August 30, 2012 I received and reviewed the defendant's alien file. I discovered that on forms G-325A and I-485, which were filed in support of the defendant's application for permanent residence in 2006, she listed her name as Indumatiben Kiran PATEL, and that she answered "no" when asked if she had ever used any other names. On these forms she also denied that she had ever been removed from the United States and that she had previously attempted to gain entry to the United States by use of fraudulent documents. Based upon my training and experience, had this information been provided to the Department of Homeland Security, the defendant's application for permanent residence status would have been denied.

**Wherefore**, I respectfully submit the foregoing facts to establish probable cause to believe that on or about August 28, 2012, Darashana PATEL knowingly used and possessed a United States Resident Alien Card which was procured by false statements and otherwise by fraud, in violation of Title 18, United States Code, Section 1546.

_____
Jason Manella
Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me this 5th day of September, 2012

_____
H. KENNETH SCHROEDER, JR.
U.S. Magistrate Judge